**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 20-00633 EAG |
| EFRAIN CARRERO VELEZ | CHAPTER 7 |
| DEBTOR | |

**STIPULATION FOR TURNOVER OF FUNDS TO
CHAPTER 7 TRUSTEE, ROBERTO ROMÁN VALENTÍN**

**TO THE HONORABLE EDWARD A. GODOY
U.S. BANKRUPTCY COURT JUDGE**:

COMES NOW Chapter 7 Trustee, **ROBERTO ROMÁN VALENTÍN** ("Trustee"), and Priority Creditor, **KRIZIA MARIE PEREZ BARBER** ("Creditor"), collectively the ("Parties") and through their respective undersigned counsel most respectfully state and pray as follows:

1. Debtor, Efraín Carrero Velez, ("Debtor"), filed a Chapter 13 petition for relief on February 11, 2020. Case was converted to a Chapter 7 on February 10 2021. Trustee, Roberto Román Valentín, (from hereon referred to as "Trustee") was appointed for the administration and liquidation of assets of the estate on February 12, 2021. Meeting of creditors is pending to be held on March 16, 2021. See docket nos. 82 and 84.

2. Creditor, Krizia Marie Perez Barber, is a domestic support claimant in the captioned case, holder of two (2) pre-petition priority claims against the Debtor as per claim number 4 in the amount of $64,118.89 filed on June 24, 2020 by ASUME and claim number 5 in the amount of $9,156.02 filed on November 10, 2020 by Creditor.

1

3. Schedule A/B filed by the Debtor under penalty of perjury, includes two (2) bank accounts held under the name of Debtor at Banco Popular de Puerto Rico ("BPPR") as of the time of filing for relief, with balances of $746.80 and $156,480.16.

4. Upon Trustee's investigation of Debtors financial affairs, it has been confirmed that as of the time of the filing for relief, the Debtor held two bank accounts at BPPR as follows:

| Property | Value |
|---|---|
| a) BPPR account ending on 5189 | $746.80 |
| b) BPPR account ending on 7254 | $156,480.16 |

5. No exemption has been claimed by the Debtor pursuant to 11 U.S.C. §522(d) over the BPPR account ending on 7254.

6. Section 541(a)(2) of the Bankruptcy Code provides for the creation of a bankruptcy estate upon the commencement of a bankruptcy case which includes "all legal or equitable interests of the debtor in property" and "all interests of the debtor and the debtor's spouse in community property as of the commencement of the case". The Trustee is the sole representative of the bankruptcy estate pursuant to 11 U.S.C. §323(a).

7. Funds in BPPR account ending on 7254 are property of the estate to be turned over to the Trustee for payment to creditors, including payment to appearing Creditor.

8. Trustee and Creditor, thru their respective counsel of record, have held good faith negotiations and have reached an agreement for the entry of order, pursuant to the terms and conditions set forth herein:

    a. The full amount of funds in bank account at Banco Popular de Puerto Rico ending on 7254 are to be turned over to Trustee for administration as part of the bankruptcy estate. Upon entry of order approving this Stipulation, Banco Popular de Puerto Rico will deliver to Trustee the entire amount of funds deposited in bank account ending on 7254 within five (5) business days after the entry of order approving this Stipulation.

b. Trustee will pay in full priority claims numbers 4 and 5 as filed to the date of the filing of this agreement, before distribution to any other creditor in the captioned case.

c. Nothing set forth in this Stipulation shall be construed or interpreted to limit Trustee's authority, duties or obligations as provided in the Bankruptcy Code, including but without limitation to Trustee's authority to investigate Debtor's financial affairs, pursue actions, adversary proceedings or contested matters as need be, including the exercise of Trustee's powers pursuant to Chapter 5 of the Bankruptcy Code.

d. The terms of this Stipulation between Trustee and Creditor shall be final and binding upon the parties and will be binding upon any other judicial or extrajudicial proceeding, including any proceeding or action pending before the State Superior Court of Mayaguez between Creditor and Debtor, commenced prior to the filing for relief.

e. The terms of this Stipulation shall not limit Creditor's ability to pursue any claim against the Debtor for domestic support obligations or any further action to which she may be entitled after Trustee administers the bankruptcy estate in the captioned case.

f. Creditor agrees to cooperate with Trustee in his administration of the bankruptcy estate and the investigation of Debtor's financial affairs.

g. Creditor acknowledges that with the signing of this Agreement there are no outstanding claims against the Trustee or the bankruptcy estate and will unconditionally and irrevocably release, remise, acquit and forever discharge the Trustee, the bankruptcy estate, attorney for Trustee and the United States Trustee, from any and all actions and causes of action, judgments, executions, suits, debts, liens, claims, demands, liabilities, obligations, damages and expenses of any and every character, direct and/or indirect, at law or in equity, of whatsoever kind or nature, for or because of any manner or things done, omitted or suffered to be done by Creditor from the Petition Date .

h. By this Stipulation, each of the Parties submit to the jurisdiction of the United States Bankruptcy Court for the District of Puerto Rico for any action to enforce or interpretation of the terms of this Stipulation as agreed herein.

9. This Stipulation constitutes the entire Agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties, including any prior order or adjudication made in any state court case where Debtor and Creditor may be a party. This Agreement may not be orally modified and may only be modified in writing signed by all the Parties.

10. The Parties hereby represent and warrant that they are authorized and empowered to appear and execute this Stipulation, and that it does not contravene any law, rule, regulation, order, writ, judgment, injunction, decree, determination or any contractual restriction binding on or affecting such party, or result in, or require, the creation or imposition of any mortgage, deed of trust, pledge, lien, security interest or other charge, encumbrance or preferential arrangement of any nature upon or with respect to the asset and the facts alleged in the complaint.

11. This Agreement shall not be modified, altered, amended or vacated without the prior written consent of all Parties hereto. No statement made, or action taken in the negotiation of this Agreement may be used by any party for any purpose whatsoever.

12. The Parties acknowledge that they have thoroughly reviewed this Agreement and that they execute the same voluntarily and with full understanding of its contents, and that the terms herein have been fully and unconditionally consented to by each of them, and that the Parties had the full benefit and advice of counsel of their own selection, or the opportunity to obtain the benefit and advice of counsel of his own selection, in regards to understanding the terms, meaning and effect of this Stipulation and that this Stipulation has been entered into by each of the Parties freely, voluntarily, with full knowledge of its consequences, and without duress, and that in executing this Agreement, the Parties are relying on no other representations either written or oral, express or implied, made to the Parties, and that the mutual consideration received by the appearing

4

Parties is found to be actual, adequate, fair and equitable.

13. Trustee hereby submits that this Stipulation satisfies the "sound business reason test" and is a proper exercise of the Trustee's business judgment. This agreement is in the best interest of the bankruptcy estate. The terms of the instant Stipulation are beneficial to the bankruptcy estate as it will expedite the administration of assets of the bankruptcy estate for the benefit of creditors and all other parties in interest. In re Bond, 16 F.3d 408, 30 C.B.C.2d 784 (4th Cir. 1994); Comm. Of Equity Security Holders v. The Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063 (2nd Cir. 1983).

14. Copy of this "Stipulation" has been sent to all creditors and parties in interest appearing in the Master Address List. Pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure, it is respectfully requested from this Honorable Court that, should no objection to this agreement be filed within twenty-one (21) days from notice of the same, an Order approving all the terms and conditions above stated be entered.

**WHEREFORE,** it is respectfully prayed that this Honorable Court grant this Stipulation and enter order:

a) approving the terms and conditions set forth in Stipulation;
b) enter order directing Banco Popular de Puerto Rico to turnover to Trustee all funds in account ending on 7254 within a period of 5 days after entry of order approving the Stipulation.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 2nd day of March 2021.

**NOTICE TO ALL PARTIES**

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**

**COUNSEL FOR TRUSTEE HEREBY CERTIFIES**: That notice of this Stipulation has been electronically provided by the CM/ECF system to all parties-in-interest, including all creditors and the US Trustee at ustregion21.hr.ecf@usdoj.gov. Counsel further certifies that any party non-participant of the Court's CM/ECF system will receive notice via US regular mail to all other interested parties as per the attached master address list and Banco Popular de Puerto Rico to the following postal address: Banco Popular de Puerto Rico, PO Box 366818, San Juan, PR 00936.

| | |
|---|---|
| **LANDRAU RIVERA & ASSOC**. | **DAMARIS QUIÑONES VARGAS, ESQ.** |
| Attorneys for Trustee | Attorney for Creditor |
| PO Box 270219 | Box 429 |
| San Juan, PR 00928 | Cabo Rojo, PR 00623 |
| Tel. (787) 774-0224 | Tel. (787) 851-7866 |
| | |
| */s/ Noemi Landrau Rivera* | */s/ Damaris Quiñones Vargas* |
| USDC PR No. 215510 | USDC PR No. 213709 |
| nlandrau@landraulaw.com | damarisqv@bufetequinones.com |

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-2<br>Case 20-00633-EAG7<br>District of Puerto Rico<br>Ponce<br>Tue Mar  2 15:04:11 AST 2021 | BANCO POPULAR PR<br>FORTUNO & RIVERA FONT LLC<br>PO BOX 13786<br>SAN JUAN, PR 00908-3786 | UNITED STATES TRUSTEE<br>500 TANCA ST STE 301<br>SAN JUAN, PR 00901-1922 |
| US Bankruptcy Court District of PR<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 | ASUME<br>P.O. BOX 70376<br>San Juan, PR 00936-8376 | ASUME-KRIZIAMARIE PEREZ BARBER<br>PO BOX 71316 SAN JUAN PR 00936-8416 |
| BANCO POPULAR DE PUERTO RICO<br>P.O. BOX 362708<br>San Juan, PR 00936-2708 | DEPARTMENT OF TREASURY<br>SECTION OF BANKRUPTCY   424-B<br>P.O. BOX 9024140<br>SAN JUAN P.R. 00902-4140 | DEPARTMENT OF TREASURY/BANKRUPTCY SEC.<br>P.O. BOX 9024140<br>San Juan, PR 00902-4140 |
| KRIZIA MARIE PEREZ BARBER<br>PUERTO REAL<br>CALLE AZUCENA 321<br>Cabo Rojo, PR 00623-4901 | LCDA EVELYN JANET GARCIA<br>APARTADO 1299<br>Hormigueros, PR 00660-5299 | (p)PENTAGON FEDERAL CREDIT UNION<br>ATTN BANKRUPTCY DEPARTMENT<br>P O BOX 1432<br>ALEXANDRIA VA 22313-1432 |
| ALBERTO O LOZADA COLON<br>BUFETE LOZADA COLON<br>PO BOX 430<br>MAYAGUEZ, PR 00681-0430 | ALEJANDRO OLIVERAS RIVERA<br>CHAPTER 13<br>PO BOX 9024062<br>SAN JUAN, PR 00902-4062 | EFRAIN CARRERO VELEZ<br>PUERTO REAL 11A<br>CALLE 10<br>CABO ROJO, PR 00623 |
| Kriziamarie Perez<br>Azucena 321 Puerto Real<br>Cabo Rojo, PR 00623 | MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET  SUITE 301<br>SAN JUAN, PR 00901 | NOEMI LANDRAU RIVERA<br>PO BOX 270219<br>SAN JUAN, PR 00928-3019 |
| ROBERTO ROMAN VALENTIN<br>US TRUSTEES OFFICE<br>PO BOX 9024003<br>SAN JUAN, PR 00902-4003 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

PENTAGON FEDERAL CREDIT UNION
PO BOX 1432
Alexandria, VA 22313-2032

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Banco Popular de Puerto Rico
PO Box 362708
San Juan, PR 00936-2708

End of Label Matrix
Mailable recipients    18
Bypassed recipients     1
Total                  19