**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | |
| EFRAIN CARRERO VELEZ | CASE NO. 20-00633 (EAG) |
| Debtor | CHAPTER 7 |

**UNITED STATES TRUSTEE'S OPPOSITION
TO MOTION FOR RECONVERSION TO CHAPTER 13**

TO THE HONORABLE COURT:

Nancy J. Gargula, the United States Trustee for Region 21, through her undersigned counsel, respectfully states and prays as follows:

**Procedural Background**

1. On February 11, 2020, the Debtor filed his petition under Chapter 13 of the Bankruptcy Code (Dkt. #1).

2. On March 11, 2020, the Debtor filed his Schedules and Statement of Financial Affairs (Dkt. #11). In Schedule A/B the Debtor disclosed multiple assets including, but not limited to, two (2) bank accounts in Banco Popular de Puerto Rico with balances of $746.80 and $156,480.16.

3. On January 14, 2021, after having elapsed "[m]ore than fourteen (45) days" since the confirmation of the plan was denied, the Court dismissed the case pursuant to P.R. LBR 3015-3(g) (Dkt. #74).

4. On even date, the Debtor filed a motion for reconsideration of the dismissal order and requested the conversion to Chapter 7 (Dkt. #75). The Debtor also file a notice of conversion to Chapter 7 (Dkt. #76).

5. The Court granted the reconsideration of dismissal on February 9, 2021 (Dkt. #81) and converted the case to Chapter 7 on February 10, 2021 (Dkt. #82).

6. The first § 341 meeting of creditors was scheduled for March 16, 2021 (Dkt. #84).

7. On February 14, 2021, the Chapter 7 trustee gave "notice that there are assets or it is expected to be assets in this case which are expected to result in a dividend to creditors" and requested the Court to "set and notice a bar date for filings claims" (Dkt. #85). The Court issued the notice on February 16, 2021 (Dkt. #87).

8. On March 2, 2021, the Chapter 7 trustee and a priority creditor filed a stipulation for turnover of funds regarding one of the above-mentioned bank accounts with balance of $156,480.16 and the payment of the creditor's claims (Dkt. #95). The stipulation was approved on March 9, 2021 (Dkt. #96).

9. On March 11, 2021, the Debtor filed amended Schedules A/B, C, I, and J, and Statement of Financial Affairs (Dkts. #97-#98).

10. On March 16, 2021, the § 341 meeting of creditors was continued to March 30, 2021 (Dkt. #101), and it is currently scheduled to continue April 6, 2021 (Dkt. #106). The United States Trustee and the Chapter 7 trustee requested multiple documents which, as of this date, have not been submitted by the Debtor.

11. A review by the United States Trustee and the Chapter 7 trustee of Debtor's financial affairs has raised concerns regarding a possible case of abuse or his right to a discharge.

12. Debtor's Schedules, Statement of Financial Affairs, and/or testimonies at the § 341 meetings of creditors and/or other documents have provided possible grounds for the denial of Debtor's discharge pursuant to § 727 of the Bankruptcy Code. The grounds may include, but not limited to, concealment of assets, income, failure to provide documents, and/or false oath.

13. On April 5, 2021, <u>the day before the continued § 341 meeting of creditors</u>, the Debtor filed a Motion to Convert to Chapter 13 alleging now that he is "in a position to file a meaningful plan and

Case:20-00633-EAG7 Doc#:111 Filed:04/06/21 Entered:04/06/21 14:19:12 Desc: Main
Document Page 3 of 7

UNITED STATES TRUSTEE'S OPPOSITION TO MOTION TO RECONVERT
IN RE: EFRAIN CARRERO VELEZ, CASE NO. 20-00633 (EAG) Page 3 of 7

continue making child support payments" (hereinafter referred to as the "Motion for Reconversion") (Dkt. #109).

14. On even date, the Chapter 7 trustee filed a motion to inform his intent to oppose the Motion for Reconversion (Dkt. #110).

15. The United States Trustee respectfully submits the following in opposition to the Motion for Reconversion.

## United States Trustee's Opposition

16. §706(a) of the Bankruptcy Code provides as follows:

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, <u>if the case has not been converted under section 1112, 1208, or 1307 of this title</u>. Any waiver of the right to convert a case under this subsection is unenforceable. (Emphasis added)

17. As stated above, this case was commenced under Chapter 13 and voluntarily converted to Chapter 7 pursuant to §1307 after the Debtor requested the Court to reconsider the dismissal order and convert the case. Therefore, the Debtor is not entitled to an outright conversion to Chapter 13.

18. In addition, the right to conversion is also conditioned to the provisions of §706(d) which provides the following:

> Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

19. Considering the above, the right to conversion pursuant to §706(a) is not absolute. *See* <u>Marrama v. Citizens Bank</u>, 127 S. Ct. 1105.

20. In the <u>Marrama</u> case, the United States Supreme Court determined that debtor's pre-petition bad faith was sufficient ground to deny debtor's request for conversion from Chapter 7 to Chapter 13. This, based on debtor's ineligibility to be a debtor pursuant to §1307(c) of the Bankruptcy Code. The United States Supreme Court stated as follows:

> ...§1307(c), provides that a Chapter 13 proceeding may be either dismissed or converted to a Chapter 7 proceeding "for cause" and includes a nonexclusive list of 10 causes

Case:20-00633-EAG7 Doc#:111 Filed:04/06/21 Entered:04/06/21 14:19:12 Desc: Main
Document Page 4 of 7

UNITED STATES TRUSTEE'S OPPOSITION TO MOTION TO RECONVERT
IN RE: EFRAIN CARRERO VELEZ, CASE NO. 20-00633 (EAG)   Page 4 of 7

> justifying that relief. None of the specified causes mentions prepetition bad-faith conduct (although subparagraph (10) does identify one form of Chapter 7 error-which is necessarily prepetition conduct-that would justify dismissal of a Chapter 13 case). Bankruptcy courts nevertheless routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words "for cause". (Citations omitted). In practical effect, a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of prepetition bad-faith conduct, including fraudulent acts committed in an earlier Chapter 7 proceeding, is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13. That individual, in other words, is not a member of the class of "honest but unfortunate debtor[s]" that the bankruptcy laws were enacted to protect. See *Grogan v. Garner*, 498 U.S., at 287, 111 S. Ct. 654, 112 L. Ed. 2d 755. The text of §706(d) therefore provides adequate authority for the denial of his motion to convert.

Marrama, at p. 1110-1111.

21. In addition, the decision in Marrama was based on §105(a) of the Bankruptcy Code which grants bankruptcy courts broad authority to "prevent an abuse of process". To that extent, the United States Supreme Court stated the following:

> Nothing in the text of either §706 or §1307(c) (or the legislative history of either provision) limits the authority of the court to take action in response to fraudulent conduct by the atypical litigant who has demonstrated that he is not entitled to the relief available to the typical debtor. On the contrary, the broad authority granted to bankruptcy judges to take action that is necessary or appropriate to "prevent an abuse of process" described in §105(a) of the Code, is surely adequate to authorize an immediate denial of a motion to convert file under §706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors.

Marrama, at p. 1111-1112.

22. The United States Trustee submits that the decision in the Marrama case applies to the case of caption. *See* In re 10 Bears at Chiloquin, Inc., 2007 Bankr. LEXIS 1997 (Bankr. D. Or.).

23. Furthermore, §1307 of the Bankruptcy Code also provides for the dismissal or the conversion to Chapter 7 for "cause". To that effect, in order to be a debtor under Chapter 13, the petition has to be filed in good faith. "Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings." 7 COLLIER ON BANKRUPTCY P1112.07 (16th 2019) (quoting Little Creek

Case:20-00633-EAG7 Doc#:111 Filed:04/06/21 Entered:04/06/21 14:19:12 Desc: Main
Document Page 5 of 7

UNITED STATES TRUSTEE'S OPPOSITION TO MOTION TO RECONVERT
IN RE: EFRAIN CARRERO VELEZ, CASE NO. 20-00633 (EAG) Page 5 of 7

Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.), 779 F.2d 1068, 1071 (5th Cir. 1986) ); *see also*, In re Weber, 209 B.R. 793, 801 (Bankr. D. Mass. 1997).

24. Debtor's request for reconversion and his behavior prior to and during the case has been in bad faith. Thus, he is not eligible to be a debtor under Chapter 13. "To convert or dismiss on this basis, the court should consider, among other things, '(1) the timing of the filing of the petition, (2) the motive of the debtor in filing the petition, and (3) and the accuracies or inaccuracies of the debtor's assertions in its petition and schedules'." In re Winslow, 123 B.R. 641 (D. Colo. 1991), at 646.

25. The procedural history and facts of the case of caption demonstrate Debtor's bad faith. "Generally, the facts surrounding good faith will be determined by circumstantial evidence. It is unlikely that a debtor will ever acknowledge its own bad faith; therefore, one will reach conclusions about the party's intent from the totality of the circumstances surrounding the filing of the case." 7 COLLIER ON BANKRUPTCY P1112.07[1] (16th 2019) (quoting In re Roxy Real Estate Co., Inc., 170 B.R. 571, 573 (Bankr. E.D. Pa 1993). "The test is whether a debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis." Marsch v. Marsch (In re Marsch), 36 F.3d 825, 828 (9th Cir. 1994).

26. In the instant case, at the time of the filing and during the case, the Debtor appears to have failed to disclose his ownership interest in a related corporation and/or a transfer of the same and/or failed to submit requested documents regarding the mentioned corporation or transfer, among others. The United States Trustee and the Chapter 7 trustee have been reviewing Debtor's financial affairs. After the United States Trustee and Chapter 7 trustee inquired about Debtor's financial affairs and requested documents, and the Chapter 7 trustee recovered assets, the Debtor moved for reconversion to Chapter 13.

27. The Debtor seems quite in a hurry to leave Chapter 7, having realized that United States Trustee and Chapter 7 trustee became aware of the inaccuracies and assets to be administered.

Case:20-00633-EAG7 Doc#:111 Filed:04/06/21 Entered:04/06/21 14:19:12 Desc: Main
Document Page 6 of 7
UNITED STATES TRUSTEE'S OPPOSITION TO MOTION TO RECONVERT
IN RE: EFRAIN CARRERO VELEZ, CASE NO. 20-00633 (EAG) Page 6 of 7


Case:20-00633-EAG7 Doc#:111 Filed:04/06/21 Entered:04/06/21 14:19:12 Desc: Main
Document   Page 6 of 7

UNITED STATES TRUSTEE'S OPPOSITION TO MOTION TO RECONVERT
IN RE: EFRAIN CARRERO VELEZ, CASE NO. 20-00633 (EAG)                                    Page 6 of 7

28. The United States Trustee respectfully submits that the reconversion to Chapter 13 is not motivated by the Debtor's desire to repay his creditors or reorganize.

29. Reconversion to Chapter 13 is not in the best interest of the creditors or the bankruptcy estate. The Chapter 7 trustee can take the appropriate steps for the benefits of the bankruptcy estate and the creditors.

30. The United States Trustee respectfully submits that reconversion to Chapter 13 provides the Debtor an unwarranted opportunity to have possession or control of assets and dissipate them before the case could be reconverted to Chapter 7.

**WHEREFORE**, the United States Trustee respectfully requests that the Honorable Court deny the Motion for Reconversion and grant any such other and further relief as it may deem appropriate.

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this day I electronically filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

JUAN C FORTUNO FAS    bkfilings@fortuno-law.com, fortuno@ecf.inforuptcy.com

NOEMI LANDRAU RIVERA    nlandrau@landraulaw.com, paralegal@landraulaw.com;landraulaw@yahoo.com;assistant@landraulaw.com;jlandrau@landraulaw.com

MONSITA LECAROZ ARRIBAS    ustpregion21.hr.ecf@usdoj.gov

ALBERTO O LOZADA COLON    lozada1954@hotmail.com, betancesaol@gmail.com

ALEJANDRO OLIVERAS RIVERA (ENO)    aorecf@ch13sju.com

DAMARIS QUINONES VARGAS    damarisqv@bufetequinones.com, notices@bufetequinones.com

ROBERTO ROMAN VALENTIN    romanchpt7@gmail.com, rroman@ecf.axosfs.com

UNITED STATES TRUSTEE    ustpregion21.hr.ecf@usdoj.gov

Case:20-00633-EAG7 Doc#:111 Filed:04/06/21 Entered:04/06/21 14:19:12 Desc: Main
Document Page 7 of 7

UNITED STATES TRUSTEE'S OPPOSITION TO MOTION TO RECONVERT
IN RE: EFRAIN CARRERO VELEZ, CASE NO. 20-00633 (EAG) Page 7 of 7

**I DO HEREBY FURTHER CERTIFY** that on this same date a true and exact copy of the foregoing has been sent by regular United States mail to the Debtor, **Efraín Carrero Vélez**, Puerto Real 11A, Calle 10, Cabo Rojo, PR 00623.

DATED: April 6, 2021.

        **NANCY J. GARGULA**
        United States Trustee

        **MONSITA LECAROZ ARRIBAS**
        Assistant United States Trustee

By: *s/ José Carlos Díaz Vega*
    Trial Attorney
    USDC-PR No. 213607
    U.S. DEPARTMENT OF JUSTICE
    OFFICE OF THE U.S. TRUSTEE
    Edificio Ochoa
    500 Tanca Street, Suite 301
    San Juan, Puerto Rico 00901-1922
    Tel.: (787) 729-7444
    Fax: (787) 729-7449

    (Electronically Filed)