IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 20-00633 EAG |
| EFRAIN CARRERO VELEZ | * | CHAPTER 7 |
| DEBTOR | * | |
| | * | |

**ANSWER TO OBJECTIONTO DEBTOR'S OPPOSITION
TO TRUSTEE'S PROPOSED DISTRIBUTION**

**TO THE HONORABLE COURT:**

Now comes debtor, through the undersigned attorney and very respectfully prays and states as follows:

1. Creditor Kriziamarie Pérez has filed an objection to debtor's opposition to trustee's report on distribution. (Docket #204).

2. Debtor filed on January 26, 2022 a response to Debtor's Opposition to Trustee's Report on Distribution.(docket 1990)

3. What follows is debtor's reply and refutation to Mrs. Pérez objection.

4. In first instance, doc #204 fails to comply with Local Bankuptcy Rule 9013-2, which provides that any motion or response must be accompanied by a supporting memorandum of law that contains the point and authorities of the party's position, together with affidavits or documents thereof. No such memorandum of law has been filed, therefore the motion should be dismissed.

5. Additionally, Creditor Kriziamarie Pérez has failed to address any of the arguments presented by debtor, specifically as these pertain to substantive bankruptcy law and argument contained in our response. Said creditor cannot expect to participate in this debate without specifically addressing the arguments raised therein.

6. Rather, in general, said creditor's opposition is not responsive to any of our arguments, she is raising questions not subject to or relevant to the issues raised and objected to by the debtor at docket #199. This creditor argument is rather about an issue that is relevant

between the debtor and the ex-spouse and must be raised and argued before the state court family court, as this pertains in the ownership of what debtor argues is surplus funds that cannot be paid to the secured creditors that have recourse against the collateral that secures these claims.

7. Admittedly, this creditor and the Chapter 7 Trustee reached an agreement for the turnover of funds deposited in a bank(docket #95), which was subsequently approved by this Honorable Court. Said stipulation provides in part as follows:

> a) "The full amount of funds in bank account at Banco Popular de Puerto Rico ending on 7254 are to be turned over the Trustee for administration as part of the bankruptcy estate. Upon entry of order approving this Stipulation, Banco Popular de Puerto Rico will deliver to Trustee the entire amount of funds deposited in bank account ending on 7254 within five (5)business days after the entry of order approving this Stipulation.
> b)Trustee will pay in full priority claims numbers 4 y 5 as filed to the date of filing of this agreement, before distribution to any other creditor in the captioned case.
>
> c) Nothing set forth in this Stipulation shall be construed or interpreted to limit Trustee's authority, duties or obligations as provided in the Bankruptcy Code, including but without limitation to Trustee's authority to investigate Debtor's financial affairs, pursue actions, adversary proceedings or contested matters as need be, including the exercise of Trustee's powers pursuant to Chapter 5 of the Bankruptcy Code.
> d)The terms of this Stipulation between Trustee and Creditor shall be final and binding upon the parties and will be binding upon any other judicial or extrajudicial proceeding, including any proceeding or action pending before the State Superior Court of Mayaguez between Creditor and Debtor, commenced prior to the filing of the relief.
> e)The terms of the Stipulation shall not limit Creditor's ability to pursue any claim against the Debtor for domestic support obligations or any further action to which she may be entitled after Trustee Administers the bankruptcy estate in the captioned case.
> f)Creditor agrees the cooperate with Trustee in his administration of the bankruptcy estate and the investigation of Debtor's financial affairs.
> g)Creditor acknowledge that with the signing of this Agreement there are no outstanding claims against the Trustee or the bankruptcy estate and will unconditionally and irrevocably release, remise, acquit and forever discharge the Trustee, the bankruptcy estate, attorney for Trustee and the United States Trustee, from any and all actions, demands liabilities, obligations, damages and expenses of any and every character, direct and/or indirect, at law or in equity, of whatsoever kind of nature, for or because of any manner or thing done, omitted or suffered to be done by Creditor from the Petition Date'.

8. From said stipulation it is clear that the same cannot limit the trustee's duties and obligations pursuant to the Bankruptcy Code. This is precisely what we have alleged in an opposition to the trustee's report of distribution, and precisely these are the questions which creditor Kriziamarie Pérez has failed to address.

9. From said Stipulation it is also clear that "it is binding on all parties and will be binding upon any other judicial or extrajudicial proceeding, including the proceeding or action pending the State Superior Court of Mayaguez between creditor and debtor, commenced prior to the filing for the relief". One of these extrajudicial proceedings dealt with the partition of conjugal One of these extrajudicial proceedings dealt with the partition of conjugal partnership between debtor and creditor Kriziamarie Pérez.

10. The creditor in paragraph 8(g) of the stipulation states that there are no outstanding claims against the trustee or the bankruptcy estate and that she will release, remise, bequest and forever discharge claims against the estate.

11. Said stipulation constitutes res judicata as to the filing of any further claim.

12. Creditor Kriziamarie Pérez lacks standing in this controversy inasmuch as her claim and the ASUME claim will be paid in full.

13. In the alternative we submit that said claimant is barred from opposing our motion in opposition to the trustee's final report due in the doctrine of judicial estoppel. Same doctrine was explained by the Supreme Court in New Hampshire V. Maine, 532 U.S. 742(2001).

[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis* v. *Wakelee,* 156 U. S. 680, 689 (1895). This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram* v. *Herdrich,* 530 U. S. 211, 227, n. 8 (2000); see 18 Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding"); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p.782 (1981) (hereinafter Wright) ("absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory").

Although we have not had occasion to discuss the doctrine elaborately, other courts have

uniformly recognized that its purpose is "to protect the integrity of the judicial process," *Edwards* v. *Aetna Life Ins. Co.,* 690 F.2d 595, 598 *(CA6*1982), by "prohibiting parties from deliberately changing positions according to the exigencies of the moment," *United States* v. *McCaskey,* 9 F.3d 368, 378 *(CA5* 1993). See *In re Cassidy,* 892 F.2d 637, 641 *(CA7* 1990) ("Judicial estoppel is a doctrine intended to prevent the perversion of the judicial process."); *Allen* v. *Zurich Ins. Co.,* 667 F.2d 1162, 1166 *(CA4* 1982) (judicial estoppel "protect[s] the essential integrity of the judicial process"); *Scarano* v. *Central R. Co.,* 203 F.2d 510, 513 *(CA3* 1953) (judicial estoppel prevents parties from "playing 'fast and loose with the courts'" (quoting *Stretch* v. *Watson,* 6 N. J. Super. 456, 469, 69 A. 2d 596, 603 (1949))). Because the rule is intended to prevent "improper use of judicial machinery," *Konstantinidis* v. *Chen,* 626 F.2d 933, 938 *(CADC* 1980), judicial estoppel "is an equitable doctrine invoked by a court at its discretion," *Russell* v. *Rolfs,* 893 F. 2d 1033, 1037 *(CA9* 1990) (internal quotation marks and citation omitted).

    Courts have observed that "[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," *Allen,* 667 F. 2d, at 1166; accord, *Lowery* v. *Stovall,* 92 F.3d 219, 223 *(CA4* 1996); *Patriot Cinemas, Inc.* v. *General Cinema Corp.,* 834 F.2d 208, 212 *(CA1* 1987). Nevertheless, several factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be "clearly inconsistent" with its earlier position. *United States* v. *Hook,* 195 F.3d 299, 306 *(CA7 1999); In re Coastal Plains, Inc.,* 179 F.3d 197, 206 *(CA5 1999); Hossaini* v. *Western Mo. Medical Center,* 140 F.3d 1140, 1143 *(CA8* 1998); *Maharaj* v. *Bankamerica Corp.,* 128 F. 3d 94, 98 *(CA2* 1997). Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled," *Edwards,* 690 F. 2d, at 599. Absent suc-cess in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations," *United States* v. *C. 1. T. Constr. Inc.,* 944 F.2d 253, 259 (CA5 1991), and thus poses little threat to judicial integrity. See *Hook,* 195 F. 3d, at 306; *Maharaj,* 128 F. 3d, at 98; *Konstantinidis,* 626 F. 2d, at 939. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. See *Davis, 156* U. S., at 689; *Philadelphia, W, & B. R. Co.* v. *Howard,* 13 How. 307, 335-337 (1852); *Scarano,* 203 F. 2d, at 513 (judicial estoppel forbids use of "intentional self-contradiction ... as a means of obtaining unfair advantage"); see also 18 Wright &4477,p.782.

    14. First, in this case the position of the claimant is clearly inconsistent with her earlier position. Second, the party succeded in persuading the court to accept the parties' early position. Third, the party seeking to assert an inconsistent position clearly derives an unfair advantage or impose an unfair detriment or the debtor. Debtor did not object to the stipulation between creditor and the trustee because is in it best interests to pay priority child support payments and therefore avoided contempt in the state court.

    15. It was also in his best interests because the stipulation, as well as the discharge would make moot the need for a costly conjugal society partition proceeding. Since debtor surrendered

and the trustee abandoned the car and the two real properties included in the schedules, and the two claims in which the creditor has interest, there was nothing to partition. The creditor specifically renounced any other claim against the estate. Of course, she did not renounce any other facts claim against the debtor in relation with child support or child custody.

16. We should also note that if said claimant has another claim against the estate she must file an adversary proceeding pursuant to Bankruptcy Rule 7001. She is trying to recover property and to obtain a legal injunction or equitable relief in relation with property of the estate.

17. Creditor Kriziamarie Pérez also claims that the property which is her home and which is mortgaged in favor of Banco Popular was surrendered by debtor, but not by her. Pursuant to 11 USC 541 the property of the estate includes all interests of the debtor and the debtor's spouse, therefore the decision to surrender is of the debtor and not of the non-filing spouse. We should also note that she never objected to the surrendering of the property, to the abandonment nor to the relief of stay filed by the mortgage holder.

18. We also need to note that the obligation to pay said house, according to the Superior Court case is hers and she consistently failed to pay the mortgage and/or pay for use of the vehicle. The order of the court, is included in claim number 5, page 49 of the attachment, states that debtor will pay a fixed amount and that from the proceeds of the child support payment in its incumbent or her to make payments to the secured creditors. Claim number 4, filed by ASUME includes said payments. If our objection to trustee's distribution is denied the mortgage holder will receive $31,000.00 that creditor Kriziamarie Pérez will not need to make. In other words she would be paid by claim number 5 and at the same time relieved to make payments for several years, but the debtor would continue to make said mortgage payments according to the count order in the Superior Court.

**WHEREFORE**, it is respectfully requested from this Honorable Court that this opposition filed by Kriziamarie Pérez be denied.

**CERTIFICATE OF SERVICE : I HEREBY CERTIFY:** That on February 14, 2022 we electronically filed the foregoing using the CM/ECF system. Notice of this filing will be sent electronically though the CM/ECF System to Roberto Román, Chapter 7 Trustee, Noemi Landrau, Trustee, Attorney Grace M Figueroa Irizarry, Attorney for ASUME, U S Trustee, through the CM/ECF System and to Attorney Damaris Quiñones representing creditor Kriziamarie Pérez Barber through the CM/ECF System and by regular mail PO Box 429, Cabo Rojo, P.R. 00623

and to Kriziamarie Pérez Barber by regular mail to Calle Azucena 321, Puerto Real, Cabo Rojo, P.R 00623 by regular mail.

In Mayaguez, Puerto Rico, this 14th. day of February, 2022.

/s/Alberto O. Lozada Colón

Alberto O. Lozada Colón
USDCPR 123811
PO Box 430
Mayaguez, PR 00681
Tel. 787-833-6323 Fax 833-7725
lozada1954@hotmail.com
betancesaol@gmail.com